## BROWN FOLDING MACH. CO. et al. v. STONEMETZ PRINTERS' MACH. CO.

(Circuit Court of Appeals, Third Circuit. November 10, 1893.)

### No. 27.

PATENTS FOR INVENTIONS—PRINTING PRESS AND FOLDING MACHINE—CARRYING MECHANISM.

Letters patent No. 343,677, granted June 15, 1886, to John A. Stonemetz for improvements in a mechanism for carrying sheets of paper from a printing press to a folding machine, said improved mechanism being so constructed that it may be folded when not in use upon the folding machine by means of holes in the carrying mechanism which engage with pins on the folding machine, are infringed, as to all the claims, by a device manufactured under letters patent No. 331,762, issued December 8, 1885, to R. T. Brown, for folding such a connecting mechanism upon the folding machine by means of hinges. 57 Fed. Rep. 601, affirmed.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

In Equity. Bill by the Stonemetz Printers' Machinery Company against the Brown Folding Machine Company and others for infringement of letters patent, and for relief on the ground of interference. A demurrer to the bill was overruled. 46 Fed. Rep. 72. A cross bill was filed, and thereafter stricken from the record. Id. 851. There was a final decree for complainant as to infringement, but for defendants as to the interference. See 57 Fed. Rep. 601. Defendants appeal from so much of the decree as is against them. Affirmed.

James K. Hallock, for appellants.

J. C. Sturgeon, for appellee.

Before DALLAS, Circuit Judge, and BUTLER and GREEN, District Judges.

BUTLER, District Judge. The bill charges infringement of Stonemetz's patent No. 343,677, of June 15, 1886; and also an interference between this patent and two others issued to R. T. Brown (owned by the defendants) on July 14, 1885, and December 8, 1885, respectively, numbered 331,762, and 332,444. The circuit court having sustained the former charge and dismissed the latter, the defendants appealed, and assign as error so much of the decree as is against them.

The only question involved is one of fact: Was Stonemetz first to invent the device covered by his patent? While there is some contention that he was anticipated by others than Brown, the main reliance is on Brown. A careful examination of the evidence

has satisfied us that the conclusion reached by the circuit court is right. The anticipatory devices set up, other than Brown's, present no difficulty whatever. They show nothing suggestive of Stonemetz's device. As between Stonemetz and Brown the proofs do not leave the mind in doubt that the former was the original inventor. Brown's disclaimer, in taking his patent, No. 331,762, is of itself, a sufficient answer to the claim now made in his favor. The statement of facts and analysis of testimony made by the circuit court are entirely satisfactory; and to avoid unnecessary enlargement we adopt them. The decree is affirmed.